Memorandum regarding sentencing                04 CRIM 1197 (CM)

A non-guidelines sentence of 15 months was imposed for the following reasons:

1. The defendant does not fit the profile of others sentenced by this court for the crime of illegal reentry in that he has a minimal criminal history, did not originally commit the sort of crime that ordinarily leads to deportation, and remained in Mexico, his native country for seven years following his deportation making no effort to reenter the United States until informed that his mother was on her deathbed.

2. The defendant was charged with illegal reentry after being arrested for the state offense of driving while intoxicated (no personal injury or property damage). Because this was his second DWI, he was sentenced to a term of one and a third to four years in state prison. Based on the court's knowledge of the usual practices of the state parole board, it is unlikely that the defendant will be released from state custody on his initial release date, and is highly likely that he will do most of his maximum state time.

3. The United States and its taxpayers will be better off if the defendant is re-deported sooner rather than later. The sentence selected by the court, which I have imposed to run concurrently with the state sentence, represents my best guess of how long defendant will remain in state custody. If his federal and state sentences expire simultaneously, or nearly so, and the defendant is promptly deported, it will minimizes, or even eliminate, substantial additional cost to the taxpayers.

4. If the defendant had been caught in a border district where a "fast track" program was in place, his sentence would have been substantially below the guidelines sentence. Therefore, there is no basis to conclude that a guidelines sentence would promote the goal of sentencing uniformity.

_____
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC #: _____
DATE FILED: _____